IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and
CHARLES DUFF, Revenue Officer,
Internal Revenue Service,

    Petitioners,

vs.

DAVID S. SNOWDEN,

    Respondent.

2:08-mc-00038 LKK GGH

FINDINGS AND RECOMMENDATIONS RE:

CIVIL CONTEMPT OF ORDER FILED

MARCH 24, 2008

Taxpayer: DAVID S. SNOWDEN

        This case came before me on May 15, 2008, under the Order to Show Cause filed March 24, 2008, ordering respondent, David S. Snowden, to appear before me. Yoshinori H. T. Himel, Assistant United States Attorney, appeared for petitioners, and petitioning Revenue Officer Charles Duff was present.

        The Petition to Enforce Internal Revenue Service Summonses initiating this proceeding seeks to enforce two administrative summonses in aid of petitioning Revenue Officer Charles Duff's investigations for collection of delinquent tax accounts for certain periods and for determination of respondent's liabilities for personal income taxes for certain years. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345,

and I find jurisdiction to be proper. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) and (b).

Respondent Snowden did not file written opposition, as permitted by paragraph 7 of the Order. Nor did he excuse his non-appearance, as permitted by paragraph 9 of the Order, by filing a statement of no objection to the enforcement of the IRS summonses issued to him on November 13, 2007.

From the verified petition, it appears, and I find, that respondent Snowden failed to appear in response to the administrative summonses issued November 13, 2007, on and after the appearance date of November 29, 2007. From the proof of service upon Mr. Snowden, it appears, and I find, that respondent Snowden was personally served with the Order on March 27, 2008, despite his physical resistance to being served.

Although willfulness is not required for civil contempt under *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949), and *United States v. Asay*, 614 F.2d 655, 661 (9th Cir. 1980), I find by clear and convincing proof, the standard under *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989), that respondent Snowden disobeyed the Order by failing to appear for the hearing on May 15, 2008, and that his disobedience of the Order is willful and is not mere neglect. I certify the foregoing facts to the District Judge under 28 U.S.C. § 636(e)(6)(B)(iii).

I also find that satisfactory proof has been made, within the meaning of I.R.C. § 7604(b), after hearing, that respondent Snowden has neglected and refused to obey the IRS summonses. Section 7604(b) is intended to cover "persons who were summoned and wholly made default or contumaciously refused to comply." *Reisman v. Caplin*, 375 U.S. 440, 448 (1964). Here, respondent Snowden made complete default of compliance with the summonses; and his noncompliance was a contumacious refusal.

On the subject of summons enforcement, the Order to Show Cause shifted to respondent the burden of rebutting any of the four requirements of *United States v.*

*Powell*, 379 U.S. 48, 57-58 (1964). Respondent did not meet that burden. Based on the uncontroverted verification of Revenue Officer Duff and the entire record, I therefore find that (1) the summonses issued by Revenue Officer Charles Duff to respondent David S. Snowden on November 13, 2007, seeking testimony and production of documents and records in respondent's possession, were in good faith and for a legitimate purpose under I.R.C. § 7602, that is, for the determination of financial information to aid in the collection of the duly assessed and noticed tax liabilities of respondent Snowden; (2) the information is relevant to that purpose; (3) the information sought is not already in the possession of the Internal Revenue Service; (4) the administrative steps required by the Internal Revenue Code have been followed; and (5) there is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

I therefore recommend that the two IRS summonses issued to respondent, David S. Snowden, on November 13, 2007, be enforced, and that respondent be ordered to appear before Revenue Officer Charles Duff or his designated representative, within 14 days of the filing date of the summons enforcement order, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summonses, the examination to continue from day to day until completed.

I further find that respondent Snowden has disobeyed an Order of this Court, the Order filed March 24, 2008, by failing to appear for hearing on May 15, 2008. I therefore further recommend that the District Judge find and adjudge that respondent Snowden is in civil contempt of court for failure to appear as ordered, and that he is in civil contempt for neglecting and refusing to obey the IRS summonses within the meaning of I.R.C. § 7604(b).

\\\\\

3

I further find, under I.R.C. § 7604(b), that respondent Snowden should be physically attached as for a contempt of court for his neglect and refusal to obey the IRS summonses. I therefore recommend that the District Judge issue a bench warrant for the arrest of respondent Snowden to bring him before the court, not to be executed until after the ordered date of appearance (above), and then only if respondent has not appeared, or has appeared in bad faith.

Finally, I recommend that after the arrest the District Judge order Snowden to show cause if he contests that he is in civil contempt, set a hearing should Snowden wish to contest the contempt, consider appointment of counsel under *United States v. Kang*, 468 F.2d 1368, 1369 (9th Cir. 1972), and order Snowden to be held in coercive confinement until Snowden shall have complied with the summonses and the summons enforcement order.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California. Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

\\\\\
\\\\\
\\\\\

1       So that respondent will continue to be notified of events in the case, the
2 Clerk shall add his mailing address to the Court' service list, as follows: Mr. David S.
3 Snowden, 1629 Cindy Circle #B, Roseville, CA 95661.
4       IT IS SO ORDERED.
5 Dated: 05/22/08       /s/ Gregory G. Hollows
6       United States Magistrate Judge
7 snowden.f&r