McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814-2322
Telephone: (916) 554-2760

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and CHARLES DUFF, Revenue Officer, Internal Revenue Service,<br><br>    Petitioners,<br><br>    v.<br><br>DAVID S. SNOWDEN,<br><br>    Respondent. | 2:08-mc-00038-LKK-GGH<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: CIVIL CONTEMPT OF ORDER FILED MARCH 24, 2008**<br><br>Taxpayer: DAVID S. SNOWDEN |

    The United States and Revenue Officer Charles Duff here petition for enforcement of two IRS summonses. The matter was placed before United States Magistrate Judge Gregory G. Hollows under 28 U.S.C. § 636 *et seq.* and Local Rule 73-302. On March 24, 2008, Judge Hollows issued an Order to Show Cause, ordering the respondent David S. Snowden to show cause why the IRS summonses issued to him on November 13, 2007, should not be enforced. The petition and order to show cause were personally served upon respondent despite his physical resistance to being served. Respondent did not file an opposition to enforcement under paragraph 6 on page 2 of the Order to Show Cause.

///

///

1    Judge Hollows presided at the show-cause hearing on May 15, 2008, at which
2 respondent failed to appear. On May 23, 2008, Judge Hollows filed Findings and
3 Recommendations, finding as follows:
4    1. Respondent failed and continues to fail to appear in response to the
5 administrative summonses issued to him on November 13, 2007. By proof satisfactory to
6 the court, he has neglected and refused to obey the summonses; he made complete default
7 of compliance with the summonses; and his noncompliance was a contumacious refusal.
8    2. Respondent was served with the Order to Show Cause filed March 24, 2008,
9 despite his physical resistance to being served.
10    3. Respondent failed to appear in court on May 15, 2008, in willful disobedience
11 to the Order to Show Cause filed March 24, 2008, by clear and convincing proof.
12    4. By the uncontroverted allegations of the verified petition, petitioners met their
13 four burdens under *United States v. Powell*, 379 U.S. 48, 57-58 (1964), and there is no
14 evidence of referral of this case by the Internal Revenue Service to the Department of
15 Justice for criminal prosecution. The Order to Show Cause shifted the burden of
16 rebutting the *Powell* requirements to the respondent. He did not meet that burden.
17    5. On the above facts, the Magistrate Judge recommended that respondent be
18 ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California,
19 95821, before Revenue Officer Charles Duff or his designated representative, within 14
20 days of the date of this Order, then and there to be sworn, to give testimony, and to
21 produce for examining and copying the books, checks, records, papers and other data
22 demanded by the summons, the examination to continue from day to day until completed.
23    6. On the above facts certified to me, the Magistrate Judge also recommended that
24 I find and adjudge that respondent is in civil contempt of court for failure to appear as
25 ordered; that he is amenable to attachment as for a contempt within the meaning of I.R.C.
26 § 7604(b) for neglecting and refusing to obey the IRS summonses.
27    7. Accordingly, the Magistrate Judge recommended that a bench warrant issue to
28 bring respondent before me, but that the bench warrant not be executed until after the date

ordered in paragraph 5, above, for his appearance before the Revenue Officer, and that it be executed only if respondent has not appeared, or has appeared in bad faith.

8. When respondent is brought before me, the Magistrate Judge recommended that respondent be ordered to show cause if he contests that he is in civil contempt, and that he be held in coercive confinement until he shall have complied with the summonses and with this Order.

9. Neither side filed objections to the Magistrate Judge's findings and recommendations.

I have reviewed the entire record de novo under 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304.  I am satisfied that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis, that the requested and unopposed summons enforcement should be granted, that the respondent should be held in civil contempt for failure to appear and for neglecting and refusing to obey the IRS summonses, and that a bench warrant for respondent's arrest should be issued. Accordingly, it is hereby ORDERED as follows:

1. The Magistrate Judge's Findings and Recommendations Re: Civil Contempt of Order Filed March 24, 2008, are ADOPTED IN FULL.

2. Respondent David S. Snowden is found, subject to further proceedings, to be in civil contempt of this Court for failure to appear before Magistrate Judge Gregory G. Hollows pursuant to the Order to Show Cause filed March 24, 2008.

3. Respondent David S. Snowden is subject to attachment as for a contempt of this Court, for neglecting and refusing to obey the I.R.S. summonses issued to him on November 13, 2007.

4. The I.R.S. summonses issued to respondent David S. Snowden on November 13, 2007, are ENFORCED.

5. Respondent David S. Snowden is ORDERED to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer Charles Duff or his designated representative, within 14 days of the date of this order, then and there to

be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

6. A bench warrant for the arrest of respondent David S. Snowden will be issued should the petitioners report that he failed to appear under the immediately preceding paragraph, or that he appeared in bad faith. Petitioners may prepare the warrant. Respondent shall be held in coervice confinement until he has complied with the summonses and the summons enforcement order, or until further order of this court.

7. Should respondent wish to contest that he is in civil contempt, he is ORDERED to show cause, immediately upon being brought before the court, why he is not in civil contempt.

It is SO ORDERED.

DATED: June 18, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT